March 14, 2024

<u>Via ECF</u>

Mark J. Langer
Clerk of the Court
U.S. Court of Appeals for the District of Columbia Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, NW
Washington, D.C. 20001

Re: *Dr. Saad Aljabri v. Mohammed bin Salman bin Abdulaziz Al Saud, et al.*, No. 22-7150
Response to Appellees' Fed. R. App. P. 28(j) Letter

Dear Mr. Langer:

On behalf of Plaintiff-Appellant, I write in response to Appellees' March 11, 2024 Rule 28(j) letter ("Letter"). This Court should decline Appellees' invitation to dismiss Dr. Saad's TVPA claim based on the Court's interpretation of the FSIA in *Borochov v. Islamic Republic of Iran*, 2024 WL 995897 (D.C. Cir. Mar. 8, 2024).

The impact of *Borochov* on Dr. Saad's TVPA claim should be resolved by the district court in the first instance, for two reasons. First, this Court "generally decline[s] to consider questions not passed upon below." *Process & Indus. Devs. Ltd. v. Fed. Republic of Nigeria*, 962 F.3d 576, 584 n.1 (D.C. Cir. 2020). As Appellees acknowledge, the district court did not rule on whether the TVPA provides a remedy for extrajudicial killings that do not succeed in taking life. Second, resolving complex questions on appeal not passed upon below is "particularly inappropriate" when they received "limited attention ... in the briefing on appeal." *Id*. Here, this question received *no* attention in briefing.

On remand, the parties can brief the import of *Borochov*, including reasons *Borochov* (an FSIA case) does not compel dismissal of a claim under the TVPA, with its more expansive remedial scheme, and the extent to which *Borochov* was informed by the principle—inapplicable here—that the FSIA's "waivers of sovereign immunity are narrowly construed in favor of the sovereign." *Borochov*, 2024 WL 995897, at *6.

Deferring these issues until remand is all the more sensible here because, as Appellees concede, *Borochov* has no bearing on Dr. Saad's multiple non-TVPA claims. Letter at 1 & n.1. If this Court vacates the district court's judgment, it will need to remand for further proceedings regardless of *Borochov*'s impact on the TVPA claim. Deciding an undeveloped issue for the first

March 14, 2024
Page 2

time on appeal in a case already heading back to the district court would not meaningfully conserve judicial resources. *See Truitt v. Dep't of State*, 897 F.2d 540, 547 n.51 (D.C. Cir. 1990) ("Particularly since the case must be remanded for other reasons, we leave this issue for the District Court's ... resolution in the first instance.").

Respectfully submitted,

*/s/ Lindsay C. Harrison*
Lindsay C. Harrison
JENNER & BLOCK LLP
1099 New York Ave., N.W.,
Suite 900
Washington, D.C. 20001-4412
lharrison@jenner.com
Tel +1 202 661 6865

*Counsel for Plaintiff-Appellant Dr. Saad Aljabri*